# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JERRY MULLINS,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1709**  (BOR Appeal No. 2046027)
(Claim No. 2010124316)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry Mullins, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board affirmed a June 6, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 22, 2010, decision denying Mr. Mullins's request for a referral to Dr. Koja. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins alleged that he suffered an injury to his right rib, chest wall, shoulder, and neck when working as a shuttle car operator for Pinnacle Mining Company, LLC. He was using a slate bar to remove a piece of coal that stuck on the belt line tail piece when he fell head first landing on his right shoulder and head. The claim was held compensable for right shoulder sprain and right chest contusion. Dr. Chand treated Mr. Mullins from February 18, 2010, until September 5, 2010, and concluded that his neck sprain was a result of the work-related injury. On September 16, 2010, Dr. Mukkamala performed an independent medical evaluation and concluded that the neck pain was a result of underlying degenerative changes and not causally related to the work-related injury.

1

On appeal, Mr. Mullins asserts that Dr. Chand was fully aware of the nature and extent of his preexisting cervical spine problems when he found the neck sprain occurred as a result of the compensable injury and aggravated the preexisting condition. Pinnacle Mining Company, LLC maintains that based upon a clear preponderance of the evidence, Mr. Mullins's request is for his neck condition that preexisted the work-related injury and the treatment is neither reasonable nor required.

The Office of Judges concluded that the preponderance of the evidence does not establish that the referral to Dr. Koja is medically necessary or reasonable. It discredited Dr. Chand's report and testimony, based on a finding that his conclusions were based on the medical history provided to him by Mr. Mullins, who failed to disclose his prior cervical problems. There is evidence of record from Princeton Community Hospital that supports the fact that Mr. Mullins had a clinical history of neck pain before the work-related injury and preexisting osteoarthritis in his cervical spine. The Office of Judges relied on Dr. Mukkamala's findings that Mr. Mullins had reached maximum medical improvement and needed no further treatment because his neck condition was due to preexisting degenerative changes. Further, even Dr. Chand stated Mr. Mullins's cervical symptoms had resolved by September 2, 2010. The Board of Review reached the same reasoning and conclusions in its decision of November 22, 2010. We agree with the reasoning and conclusion of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum